# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

PHILLIP D. HALE      )
           )
v.           )   NO. 2:06-CV-136
           )
STEVE BURNS, SUE STARNS,  )
NEIL MATHEWS, SHERRY SAURSE, )
and SUESANE CHRISTY   )

## MEMORANDUM and ORDER

Proceeding *pro se*, state prisoner Phillip D. Hale brings this civil rights complaint under 42 U.S.C. § 1983, alleging that he was denied medical care and a special diet while he was confined in the Greene County Detention Center (GCDC). The plaintiff is **ASSESSED** the civil filing fee of three hundred and fifty dollars ($350.00). 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

  (a)  twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;

    <u>or</u>

  (b)  twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the plaintiff has paid the $350 filing fee in full to the Clerk's Office.[1] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility wherein the plaintiff is confined, and to George Little, Commissioner of the Tennessee Department of Correction, to ensure compliance with the above fee-assessment procedures.

In his complaint, the plaintiff alleges that he is a diabetic and that he has been denied medical attention; has been denied treatment for mental health problems; refused medication [or has not received it due to someone's negligence]; harassed about his medication; and offered a regular diet instead of a special diabetic diet. For these alleged constitutional violations, the plaintiff would have the Court "correct the situation;" move him to a facility with the capacity to attend to his medical needs; and award him $100,000 for his suffering.

Under 28 *U.S.C.* § 1915A, a district court is to review a complaint in a

---

[1] Send the payments to:  Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

civil action in which a prisoner seeks redress from a governmental defendant and, if the complaint fails to state a claim upon which relief may be granted, to dismiss it. A screening of the complaint, as required in 28 *U.S.C.* § 1915A, reveals that the complaint should not be served upon the defendants and, for the reasons expressed below, should be dismissed.

For ease of discussion, the Court has grouped the plaintiff's claims into categories.

1. **Claims arising on March 14, 2006.**

A.   Inferred Claim for Unreasonable Search: In this claim, the plaintiff contends that, on this date, he was "shook down for sycodic med's." This skeletal allegation is conclusory and a court need not conjure up facts not pled to support conclusory allegations. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir.1988). Even if the plaintiff's bare assertion were read as an implied claim of an infringement on his Fourth Amendment right not to be subjected to an unreasonable search, an inmate's cell may be searched without violating the Fourth Amendment because a prisoner has no reasonable expectation of privacy in his cell. *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). Furthermore, assuming that an inmate retains some privacy rights in prison, the Fourth Amendment does not prohibit the search of an inmate's person, so long as the search is reasonable in scope, manner,

and location; is reasonably related to a valid penological goal; and is not performed for a wrongful purpose, such as to humiliate or degrade a prisoner. *Bell v. Wolfish*, 441 U.S. 520, 558-59 (1970) (finding that visual body-cavity searches of pretrial detainees was reasonable); *Grummett v. Rushen*, 779 F.2d 491, 495-96 (9th Cir. 1985) (pat-down searches reasonable); *Madyun v. Franzen*, 704 F.2d 954, 957 (1983) (frisk search is reasonable). Given the paucity of the plaintiff's factual allegations, no (inferred) Fourth Amendment claim has been stated.

B. <u>Threats</u>: The plaintiff maintains that, also on March 4, 2006, he was threatened by Defendant Nurse Christy. These allegations, likewise, do not show any constitutional deprivations. The Constitution does not shield an inmate from verbal abuse, *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir.1987), or minor threats. *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir.1999).

2. **Claims arising in April, 2006**.

A. <u>Bunk Incident</u>: The plaintiff contends his bunk was reassigned to another inmate on April 4, 2006, though he had been allotted the bunk "per medical." He asserts that he discussed the situation with several officers and with defendant Nurse Saurse as well.

The Eighth Amendment is violated when prison authorities are deliberately indifferent to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97

(1976). An Eighth Amendment claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the plaintiff to show a "sufficiently serious" deprivation. *Id.* A medical need may be objectively serious if even a lay person would recognize the seriousness of the need for medical care. *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (citing *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). The subjective component requires a showing of a sufficiently culpable state of mind—one of deliberate indifference. *Farmer*, 511 U.S. at 842. Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to an inmate under his care. *Id.*

Here, the plaintiff has not provided the factual details necessary to show that his "per medical" sleeping arrangements constituted a serious medical need. As to the element of deliberate indifference, the officer who allegedly gave the bunk to another inmate is not identified by the plaintiff so there is nothing from which to draw an inference as to his state of mind. Nor does the complaint contain any details concerning the plaintiff's purported discussion with the identified defendants to indicate that they knew he faced a substantial risk of serious injury if he did not retain his bunk assignment. For these reasons, the plaintiff's contentions do not state an Eighth Amendment claim.

B.  <u>Medical Attention</u>:  According to the complaint, the plaintiff was also denied medical attention on April 4th.  First of all, the officers who supposedly denied the plaintiff medical care have not been named as defendants.  Secondly, the plaintiff has offered no allegations of fact to show that he had a serious medical need or that the defendants were deliberately indifferent to any such a need.  No claim as been stated in this instance either.

C.  <u>Other Deprivations in April</u>:  The plaintiff maintains that he was refused medical attention on April 6th, 9th, 13th, and 19th; denied mental health treatment on April 10th; denied sick call on April 14th; and harassed about his medication on April 15th and 16th.  Absent some description of his symptoms (if there were any) or some indication of the condition(s) for which he was denied medical care, the plaintiff has not demonstrated a sufficiently serious deprivation.   Not only this, but the plaintiff offers no factual elaboration for this assertion from which to draw an inference that the defendants exhibited deliberate indifference.  Moreover, conclusory claims such as these fail to state a claim entitling the plaintiff to § 1983 relief.  *See Morgan v. Church's Fried Chicken*, 829 F.2d. 10, 12 (6th Cir. 1987).  Also, the claims of harassment, as noted previously, do not rise to a constitutional level.  *See Ivey*, 832 F.2d at 955.

3.  **Claims arising on June 21, 2006**.

The plaintiff asserts that, on June 21, 2006, he was served a regular diet at lunch, despite his protests that he was a diabetic; denied his 4:45 a.m. dose of medication; and given his 1:00 p.m. dose by defendant Nurse Sherry Sause, who, when informed about the preceding events, responded that missing one dose of medication would not kill him and that the food was "to[o] carbonated any way."

Diabetes may qualify as a serious medical need. *See Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005) (a diabetic pretrial detainee who was not provided medically-required insulin injections, which resulted in an emergency hospital admission, coupled with a stay of several days, had a "sufficiently serious" medical need). In this case, however, the plaintiff has furnished no details from which to infer that a missed dose of "diabetic medication" or a one-time deprivation of a diabetic diet amounts to a sufficiently serious medical need. *See Bellamy v. Bradley*, 729 F.2d 416, 419-20 (6th Cir. 1984) ( proof that a prison official denied a blind inmate a single meal is insufficient to establish an Eighth Amendment violation). There is no indication that he was experiencing any symptoms with respect to diabetes; that he experienced any adverse events from these alleged denials; or that the defendants knew that the two supposed denials posed a substantial risk of harm to the plaintiff. Absent a demonstration of a serious medical need and deliberate indifference, there is simply no constitutional claim.

4.  **Claims Based on Supervisory Liability**.

Finally, the plaintiff has sued Greene County Sheriff Steve Burns and Captain Neal Mathews. According to the plaintiff, Defendant Burns has been sued because it is he who is responsible for the care of inmates and the proper functioning of the jail and Defendant Mathews because it is his job to look into and correct the matters complained of.

To the extent that the plaintiff is seeking to impose supervisory liability on these defendants, § 1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *See Taylor v. Michigan Dep't of Corrections,* 69 F.3d 76, 80-81 (6th Cir.1995), *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). Absent some showing that these two defendants authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct of their employees, plaintiff has failed to state a § 1983 claim against them. *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir.1993)*; Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984); *Hays*, 668 F.2d at 874.

5.  **The Supplement**.[2]

A supplemental filing, which includes copies of a grievance form and request

---

[2] The plaintiff has submitted several documents to be filed in this case as well as in Hale v. Burns, 2:06-cv-161, another case brought by the plaintiff against Greene County law enforcement authorities. The Court has considered only those filings which relate to the claims presented in this case.

forms filed by the plaintiff, contains a variety of complaints. The complaints contained in those forms, in large part, duplicate the claims contained in his § 1983 complaint regarding harassment, threats, improperly dispensed medication, and denial of medical care and a special diet. None of these allegations rise to the level of a constitutional violation because they suffer from the same deficiencies as the claims alleged in the complaint.

A separate order will enter dismissing this case for failure to state a claim entitling the plaintiff to relief under § 1983. 28 U.S.C. § 1915(e)(2); § 1915A.


**ENTER**:


s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE